ORIGINAL

EDWARD H. KUBO, JR.   (2499)
United States Attorney
District of Hawaii

RACHEL S. MORIYAMA   (3802)
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850-6100
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752
Email:  rachel.moriyama@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

LODGED DEC 16 2005
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 19 2005

at 11 o'clock and 23 min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 04-00729 SPK LEK |
| Plaintiff, ) | STIPULATION FOR COMPROMISE SETTLEMENT; ORDER; EXHIBIT "A" |
| v. ) | |
| RYAN INTERNATIONAL AIRLINES, INC., ) | |
| Defendant. ) | |

STIPULATION FOR COMPROMISE SETTLEMENT

IT IS HEREBY STIPULATED by Plaintiff United States of America (hereinafter the "United States"), on behalf of its agency, the Federal Aviation Administration ("FAA"), and Defendant Ryan International Airlines, Inc. (hereinafter the "Ryan International"), by and through their undersigned counsel and/or authorized representatives, as follows:

RECITALS

A.   During the period from October 24, 1999 to January 3, 2000, Ryan International was the holder of Air Carrier

Certificate Number RYNA040A, and was authorized to engage in Supplemental Service under 14 C.F.R. Part 121. During that time, Ryan International utilized civil aircraft, including one DC-10-10 aircraft bearing registration number N571SC and serial number 46645 (hereinafter referred to as "N571SC") and one DC-10-10 aircraft bearing registration number N572SC and serial number 46977 (hereinafter referred to as "N572SC").

      B. On December 14, 2004, the United States filed a Complaint in the above-captioned action that sought civil penalties in excess of $250,000.00 for the following alleged violations of Federal Aviation Regulations, 14 C.F.R. Parts 119 and 121, during the above-mentioned time period:

      1. Ryan International deferred the repair of the R-3 door slide/raft on N571SC in a manner that did not comply with the procedures, conditions and limitations set out in Ryan International's Minimum Equipment List ("MEL") for such deferrals;

      2. Ryan International failed to perform service checks of N571SC every thirty-six (36) hours, as required under Section 5-00-02, No. 3.2 of Ryan International's DC-10 Maintenance Program Specification, and/or to properly document that such service checks had been performed;

      3. Ryan International failed to properly document that the repair of a required inspection item ("RII") -- i.e., the R-3 door slide/raft on N571SC -- was properly inspected and signed off in the manner required by Ryan International's General

Maintenance Manual ("GMM");

       4. Ryan International improperly attempted to defer the inspection and maintenance of emergency equipment on N571SC required by Ryan International's GMM, when Ryan International's MEL did not permit the inspection and maintenance of such emergency equipment to be deferred;

       5. Ryan International operated N571SC in revenue service when the aircraft did not conform to its approved type design because certain blow-out panels in the aircraft's cargo holds were improperly taped in violation of the DC-10 Maintenance Manual;

       6. Ryan International deferred the repair of tears in the fire-resistant sidewall linings of the forward cargo compartment of N571SC in a manner that did not comply with the procedures, conditions and limitations set out in Ryan International's MEL for such deferrals;

       7. Ryan International operated N572SC in revenue service with floor panels in the mid and aft cargo compartments that did not conform to the aircraft's approved design specifications, and no modification of the aircraft's design specifications been approved by the FAA at the time; and

       8. Ryan International operated N572SC in revenue service without having the required parts of the DC-10-10 maintenance manual on board the aircraft or available for use by ground personnel as required by 14 C.F.R. § 121.139.

C.  Ryan International has denied and continues to deny all of the alleged violations.

D.  Ryan International is incorporated in the State of Kansas and its principal place of business is located at 266 N. Main Street, in Wichita, Kansas. At all times herein relevant, Ryan International was doing business in the District of Hawaii.

E.  The parties wish to avoid the time and expense of litigation by reaching a full and final settlement of the above-captioned action.

TERMS AND CONDITIONS OF SETTLEMENT

NOW THEREFORE, in compromise of the civil penalty claims of the United States against Ryan International arising out of the matters set out herein, the parties mutually agree to the following:

1.  Settlement Payment. On or before December 31, 2005, Ryan International shall pay to the United States the sum of $90,000.00 (the "Settlement Payment"). The Settlement Payment shall be made by electronic transfer pursuant to written instructions to be provided by a designated representative of the United States Attorney's Office for the District of Hawaii.

2.  Dismissal. Upon the Court's approval of this Stipulation for Compromise Settlement and the United States' receipt of the Settlement Payment, the parties shall execute and file Stipulation for Dismissal With Prejudice in the form attached hereto as Exhibit "A".

3.  <u>Default</u>.

3.1.  Default shall be deemed to have occurred if the Settlement Payment is not received by the United States by December 31, 2005.

3.2.  In the event that there is a default in the payment of the Settlement Payment, Ryan International understands and agrees that, in addition to paying the Settlement Payment, it shall pay a late penalty of $25.00 per day and interest accruing at a rate of 5% per annum until the Settlement Payment and all accrued late penalties are paid.

3.3.  It is agreed that in the event of a default by either party to this Stipulation for Compromise Settlement, the sole and exclusive remedy for either party shall be to file a motion in the above-captioned action in the United States District Court for the District of Hawaii to enforce the terms of this Stipulation for Compromise Settlement.

4.  <u>Settlement Not An Admission Of Liability</u>.  None of the covenants and releases contained herein, nor payments to be made pursuant hereto, shall be construed as an admission of any negligence, willful conduct, breach of contract, breach of warranty, violation of statutes, liability, wrongdoing, crime, offense or fault of any kind whatsoever by any of the parties hereto, but shall be construed strictly as a compromise and settlement of all claims contained in the Complaint for the purpose of avoiding further controversies and expenses.

5.  <u>Releases</u>.

5.1. Upon receipt of the Settlement Payment set forth in Paragraph 1, above, and subject to the terms and conditions of this Stipulation for Compromise Settlement, the United States hereby fully releases and discharges Ryan International, its affiliates, parents, subsidiaries and their shareholders, and current and former directors, officers, employees and agents from any liability for all civil monetary claims alleged in the above-referenced Complaint or based upon the conduct alleged in the Complaint.

5.2. Ryan International hereby fully releases and discharges the United States and its agencies, employees and agents from all claims and liability relating to or arising out of the matters described in the Complaint.

5.3. Ryan International understands and agrees that the following matters are not released and are specifically excluded and reserved from the scope and terms of this Stipulation for Compromise Settlement:

(a) Any civil, criminal or administrative claims arising under Title 26, United States Code (Internal Revenue Service Code) or Internal Revenue regulations;

(b) Any criminal liability;

(c) Any registration revocation, suspension, or debarment rights of any federal agency;

(d) Any claims based on, or to enforce, the obligations created by this Stipulation for Compromise

Settlement.

6. <u>Costs</u>. Each party to this Stipulation for Compromise Settlement shall bear its own costs, including attorney's fees (whether under the Equal Access to Justice Act or otherwise), incurred in connection with this action, including any costs incurred in connection with the preparation and implementation of this Stipulation for Compromise Settlement.

7. <u>Completeness</u>. This Stipulation for Compromise Settlement contains a complete description of the bargain between the parties. Other than as expressly set forth herein, no statement of fact or opinion has been made by either party hereto, or by anyone acting on behalf of either of them, to induce the execution of this Stipulation for Compromise Settlement.

8. <u>Modification</u>. Any modifications to this Stipulation for Compromise Settlement must be set forth in writing and signed by all parties.

9. <u>Settlement Voluntary</u>. Ryan International represents that the Stipulation for Compromise Settlement is entered into with knowledge of the events described herein and with advice of counsel. Ryan International further represents that this Stipulation for Compromise Settlement is freely and voluntarily entered into, without any degree of duress or compulsion whatsoever, in order to avoid litigation.

10. <u>Representatives Authorized</u>. Any individual executing this Stipulation for Compromise Settlement on behalf of

any of the parties represents that he/she has been duly authorized to execute the Stipulation for Compromise Settlement on behalf of said party.

11. <u>Agreement Binding</u>.  This Stipulation for Compromise Settlement shall be binding on all employees, agents, administrators, executors, successors, assigns, and transferees of the United States and Ryan International.

12. <u>Governing Law</u>.  This Stipulation for Compromise Settlement shall be interpreted in accordance with the laws of the United States.

13. Ryan International understands and agrees the United States has the right to disclose this Stipulation for Compromise Settlement, and information about this Stipulation for Compromise Settlement, to the public.

14. <u>Counterparts</u>.  This Stipulation for Compromise Settlement may be signed in counterparts.

15. <u>Effective Date</u>.  This Stipulation for Compromise Settlement shall be effective upon approval and entry by the Court.  The parties understand and agree that this Court shall retain jurisdiction over the implementation and enforcement of

//
//
//
//
//
//

the terms and conditions of this Stipulation for Compromise Settlement.

DATED: *December 16, 2005*, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
RACHEL S. MORIYAMA
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Defendant RYAN INTERNATIONAL AIRLINES, INC.

By _____
     M.J. McCabe
Its  President


APPROVED AS TO FORM AND CONTENT:

_____
SCOTT J. GUNDERSON, ESQ.
Attorney for Defendant RYAN
INTERNATIONAL AIRLINES, INC.


APPROVED AND SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE


USA v. Ryan International Airlines, Inc., Civ. No. 04-00279 SPK LEK; "Stipulation for Compromise Settlement; Order; Exhibit "A""

EDWARD H. KUBO, JR.   (2499)
United States Attorney
District of Hawaii

RACHEL S. MORIYAMA   (3802)
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850-6100
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752
Email:  rachel.moriyama@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 04-00729 SPK LEK |
| Plaintiff, | ) ) ) | STIPULATION OF DISMISSAL WITH PREJUDICE; ORDER |
| v. | ) ) | |
| RYAN INTERNATIONAL AIRLINES, INC., | ) ) ) | |
| Defendant. | ) ) ) ) | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, it is hereby stipulated by and between Plaintiff United States of America and Defendant Ryan International Airlines, Inc., by and through their respective counsel undersigned, that the above entitled action be dismissed with

//

//

//

//

**EXHIBIT "A"**

prejudice, with each party to bear its own costs. There are no remaining claims or parties.

DATED: Honolulu, Hawaii, _____.

> EDWARD H. KUBO, JR.
> United States Attorney
> District of Hawaii
>
> By_____
>   RACHEL S. MORIYAMA
>   Assistant U.S. Attorney
>
> Attorneys for Plaintiff
> UNITED STATES OF AMERICA
>
>
> _____
> SCOTT J. GUNDERSON, ESQ.
> Attorney for Defendant RYAN
> INTERNATIONAL AIRLINES, INC.

APPROVED AND SO ORDERED:

_____
SAMUEL P. KING
United States District Judge

USA v. Ryan International Airlines, Inc.; Civil 04-00729 SPK LEK; "Stipulation of Dismissal With Prejudice; Order"

2